1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT
9                SOUTHERN DISTRICT OF CALIFORNIA
10

11  ENRIQUE NICHOLAS GODOY,            )  Case No. 3:13-cv-0194-GPC-BGS
                                       )
12              Plaintiff,             )  **ORDER GRANTING
    v.                                 )  DEFENDANTS' MOTION TO
13                                     )  DISMISS**
    CALIFORNIA HIGHWAY PATROL          )
14  OFFICER J. BROCK, individually and )  **(ECF NO. 7)**
    in his official capacity; CALIFORNIA )
15  HIGHWAY PATROL OFFICER             )
    STEADMON, individually and in his  )
16  official capacity; THE STATE OF    )
    CALIFORNIA; and DOES 1through      )
17  20, inclusive,                     )
                                       )
18              Defendants.            )
                                       )
19

20          On January 24, 2013, Plaintiff filed a complaint, asserting claims for violations

21  of his civil rights and various common law torts.  (ECF No. 1.)  Before the Court is

22  Defendants' Motion to Dismiss, (ECF No. 7), which has been fully briefed, (ECF Nos.

23  9, 10), and which the Court finds suitable for disposition without oral argument, *see*

24  CivLR 7.1.d.1.  After a careful review of the parties' submissions, and for the

25  following reasons, the Court will **GRANT** Defendants' Motion to Dismiss.  Plaintiff's

26  First, Third, Fourth, Fifth, and Sixth Claims as alleged against defendants Brock and

27  Steadmon in their individual capacities are **DISMISSED WITH LEAVE TO**

28  **AMEND**.  Plaintiff's remaining claims against defendant the State of California and/or

against Brock and Steadmon in their official capacities are **DISMISSED WITHOUT LEAVE TO AMEND**.

## **FACTUAL ALLEGATIONS**

Plaintiff sets forth the facts underlying his claims in one paragraph:

On January 27, 2012 CHP officers, including defendants Brock, Steadmon, and Doe officers 1 through 20, while on duty with the CHP, confronted the plaintiff at his residence in the City of Escondido. The officers were investigating a prior hit and run accident. The officers had also received information concerning a separate alleged reckless driving incident around the same time and near the same location as the hit and run. The officers requested that plaintiff step out of his home for interrogation. When plaintiff declined, Brock and/or Steadmon reached into plaintiff's residence and forcefully seized hold of plaintiff's arm, and attempted to pull him out of the residence. After successfully pulling his arm away from the officers, plaintiff continued to decline the officer's [sic] requests to step out of his home. A short time later, the officers stepped into the residence without probable cause or warrant and deployed an electrical shock weapon which sent barbs into plaintiff's body and conducted repeated electrical energy impulses into plaintiff's body. At no time was plaintiff a threat to the officers or to others. The invasion of the barbs into plaintiff's body and the electrical energy impulses resulted in injuries and losses to plaintiff.

(ECF No. 1. at ¶ 10.)

Based on these allegations, Plaintiff asserts six claims for relief: (1) Violation of Civil Rights Causing Serious Bodily Injury; (2) Failure to Supervise Causing Constitutional Violations; (3) Negligence Causing Serious Bodily Injury; (4) Battery Causing Serious Bodily Injury; (5) Intentional Infliction of Emotional Distress; and (6) Negligent Infliction of Emotional Distress.

Plaintiff asserts his First Claim (excessive force) against defendants Brock and Steadmon, individually and in their official capacities. Plaintiff asserts his Second Claim (failure to supervise) against defendant the State of California. Plaintiff asserts his Third Claim (negligence) against all Defendants. Plaintiff asserts his Fourth Claim (battery) against defendants Brock and Steadmon without specifying whether the claim is against those defendants individually and/or in their official capacities. Lastly, Plaintiff asserts his Fifth Claim (IIED) and Sixth Claim (NIED) against all Defendants.

/ / /

## DISCUSSION

### I.      Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal

1   conclusions, however, need not be taken as true merely because they are cast in the

2   form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003);

3   *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

4       Where a motion to dismiss is granted, "leave to amend should be granted 'unless

5   the court determines that the allegation of other facts consistent with the challenged

6   pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*,

7   957 F.2d 655, 658 (9th Cir. 1992) (*quoting Schreiber Distrib. Co. v. Serv-Well*

8   *Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  In other words, where leave to

9   amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at

10   658.

11   **II.   Analysis**

12       Defendants argue "[a]ll claims against the State of California and all claims

13   against Officers Brock and Steadmon in their official capacities are barred by sovereign

14   immunity under the Eleventh Amendment." (ECF No. 7 at 2.)  Defendants also argue

15   Plaintiff's "First Claim (excessive force) and Second Claim (failure to supervise) fail

16   to state claims upon which relief can be granted under 42 U.S.C. § 1983 against the

17   State of California or against Officers Brock and Steadmon because none is a 'person'

18   within the meaning of § 1983." (*Id.*)  Defendants lastly argue that Plaintiff's "Third

19   Claim (negligence), Fifth Claim (intentional infliction of emotional distress), and Sixth

20   Claim (negligent infliction of emotional distress) fail to state claims upon which relief

21   can be granted under California law against the State of California because no

22   California statutory basis for public entity liability is alleged." (*Id.*)

23       In response, Plaintiff argues that "[a]lthough the Eleventh Amendment arguably

24   prevents suit against a non-consenting State, it does not prevent an action under Title

25   42 U.S.C. section 1983 against the officers individually for violation of Plaintiff's

26   Fourth Amendment rights." (ECF No. 9 at 2.)  With regard to whether Brock and

27   Steadmon are "persons" within the meaning of § 1983, Plaintiff argues that,

28   "[a]lthough the State of California arguably may not be a 'person' under section 1983,

4

Officer Brock and Officer Steadmon are "persons" in their individual capacities." (*Id.*) With regard to his Third, Fifth, and Sixth Claims against the State of Claforina, "Plaintiff submits that the claims do not state a statutory basis against the public entity, and requests leave to amend the complaint under Federal Rule of Civil Procedure 15(a)(1)." (*Id.* at 3.)

In reply, Defendants assert that Plaintiff has conceded that all of his claims against the State of California and against Brock and Steadmon in their official capacity are barred by the Eleventh Amendment. (ECF No. 10 at 2.) Defendants similarly assert Plaintiff has conceded that Brock and Steadmon, in their official capacities, are not "persons" under § 1983. (*Id.*) Defendants lastly note that Plaintiff has conceded that he has not alleged a statutory basis for his Third, Fifth, and Sixth Claims against the State of Calfornia. (*Id.*)

The Court finds Plaintiff has conceded that, pursuant to the Eleventh Amendment, all of his claims should be dismissed to the extent they are asserted against the State of California or against Brock and Steadmon in their official capacities. Similarly, the Court finds Plaintiff has conceded that, pursuant to the definition of a "person" under § 1983, his First Claim (excessive force) should be dismissed to the extent it is asserted against Brock and Steadmon in their official capacities. The Court further finds Plaintiff has conceded that he has not alleged a statutory basis for asserting his Third, Fifth, and Sixth Claims against the State of California, which claims are, in any event, barred by the Eleventh Amendment. Accordingly, the Court will dismiss with prejudice each of Plaintiff's claims to the extent they are asserted against the State of California or against Brock and Steadmon in their official capacities. Thus, Plaintiff's First, Third, Fourth, Fifth, and Sixth Claims—as alleged against Brock and Steadmon in their individual capacities—remain to be analyzed.

Defendants argue "[a]ll claims against all Defendants fail to state claims upon which relief can be granted under Federal or Califonria law because Plaintiff fails to

allege sufficient facts to meet the requisite pleading standard." (ECF No. 7 at 2.) Defendants argue "Plaintiff's allegation that he was not 'a threat to the officers or to others' . . . is obviously a conclusion," and that "it would be an unreasonable inference in light of Plaintiff's admission [that] the Officers were investigating a serious crime, he 'declined' to 'step out of his home for interrogation,' 'successfully pull[ed] his arm away from the officers,' and 'continued to decline the officer's requests to step out of his home.'" (*Id.* at 6-7.)

Defendants further argue Plaintiff's allegation that "Officers tased him for no reason other than to cause him pain . . . is simply not plausible and raises nothing more than a mere possibility." (*Id.* at 7.) In short, Defendants argue Plaintiff has failed to plausibly allege that Brock's and/or Steadmon's use of the taser was not objectively reasonable from the perspective of a reasonable police officer. (*Id.*)

In response, Plaintiff asserts that "[a]ll claims are stated with sufficient specificity to give the defendants notice of the nature of the claims against them." (ECF 9 at 2.) "Defendants mistake the 'plausibility' standard for a 'credibility' standard." (*Id.* at 5.) Plaintiff argues Defendants' "conclusory reasoning" fails to specify "*why* the allegations are not 'plausible.'" (*Id.* (emphasis in original).) Plaintiff suggests Defendants could have attached Brock's and Steadmon's reports "to prove that the allegations are 'implausible.'" (*Id.*)

In reply, Defendants argue it is not their burden to establish implausibility. (ECF No. 10 at 3.) Defendants thus assert they have no burden to produce extraneous evidence, such as Brock's and Steadmon's reports, to establish implausibility. (*Id.*)

The Court first notes that neither party addresses the plausibility of Plaintiff's allegations within the context of Plaintiff's specific claims. The Court agrees with Defendants, however, that the facts contained in Plaintiff's single paragraph of allegations, (ECF No. 1 at ¶ 10), are too sparse to support Plaintiff's claims for excessive force, negligence, battery, IIED, and NIED. Intertwined with Plaintiff's sparse factual allegations are important legal conclusions, such as "the officers stepped

into the residence without probable cause," and that "[a]t no time was plaintiff a threat to the officers." (*Id.*)  The Court does not assume the truth of these conclusions, *Ileto*, 349 F.3d at 1200, which in turn makes it difficult to assess whether Plaintiff has plausibly alleged that Brock's and Steadmon's use of force was unreasonable. Accordingly, the Court must grant Defendants' Motion to Dismiss as to these claims as well.

## CONCLUSION

After a careful review of the parties' submissions, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Each of Plaintiff's claims are **DISMISSED WITHOUT LEAVE TO AMEND** to the extent they are asserted against the State of California or Brock and Steadmon in their official capacities;

2. Plaintiff's First, Third, Fourth, Fifth, and Sixth Claims–as alleged against Brock and Steadmon in their individual capacities–are **DISMISSED WITH LEAVE TO AMEND**;

3. Plaintiff may file an amended complaint on or before **May 10, 2013**;

4. The hearing on Defendants' Motion to Dismiss, currently set for May 3, 2013, is **VACATED**.

DATED:  May 1, 2013

HON. GONZALO P. CURIEL
United States District Judge